Dear Mr. Rasch:
You have asked for an opinion from this Office on behalf of the Louisiana State Board of Embalmers and Funeral Directors (Board) in light of a problem that has recently emerged. Apparently it has become a trend for "relatives, loved ones, or family members" to authorize funeral directors to collect the remains of their decedents, but then cease all further communication with the funeral directors after retrieval of the decedents' remains.[1] As a result, the funeral directors find themselves in possession of the decedents' remains without receipt of payment for retrieving the remains, and without guidance as to how to proceed with the disposal of the decedents' remains. In order to help resolve this delicate dilemma, the Board asks whether it is proper for coroners to instruct funeral directors, who were initially asked to pick up the remains of a decedent by interested parties, to retain the unclaimed bodies at their funeral homes for one year and one day, although statutorily, La.R.S. 9:1551 provides that coroners shall have custody of unclaimed bodies. The answer to your question is no. However, it is our Office's opinion that La.R.S. 9:1551 does not apply in this particular scenario.
La.R.S. 9:1551 pertains specifically to the burial ofunclaimed bodies and states as follows:
 A. (1) Upon oral or written refusal by next of kin, as provided in R.S. 8:655, to bury a decedent, the coroner is authorized to immediately *Page 2 
release the remains of the decedent to any interested party who will claim the remains and provide interment for the remains.
 (2) The coroner shall have custody of the bodies of all persons who die within the parish and whose bodies are not claimed by friends or relatives. If the decedent had no known property or assets of a sufficient value to defray the expenses of burial, the coroner shall make such disposition of the body of the decedent as is otherwise provided by law for indigents.
 B. If a decedent's body is unclaimed by friends or relatives and the decedent had known assets or property of a sufficient value to defray the expenses of burial, the coroner shall cause the body to be interred within thirty days, preferably by a recognized funeral home. The invoices for the expenses of the burial shall be forwarded to the public administrator if there is one in the parish or to the clerk of the district court if there is no public administrator, and the person or official authorized by law to be appointed administrator of the succession of the decedent shall provide for the payment of the burial expenses out of the assets of the decedent in accordance with the existing provisions of law for the administration of successions and in accordance with the provisions of this Part.
(West 2011) (emphasis added).
The foregoing statute is inapplicable to the quandary presented because in your factual scenario the decedent's remains have been claimed and identified by a family member, loved one, or friend. Apparently, it is only after the funeral home has retrieved the decedent's body that the decedent's relatives and friends cease all communication with the funeral home and appear to abandon the remains with the funeral director. Therefore, La.R.S. 9:1551 is inapplicable.
In La. Atty. Gen. Op. 95-422, our Office addressed a situation similar to the one the Board has presented. In La. Atty. Gen. Op. 95-422, a decedent's remains had initially been claimed by a family member but he/she had made no additional efforts in planning the decedent's funeral arrangements with the funeral home's director or staff. Hence, the funeral home had lawful possession of the decedent's remains, but lacked any guidance on how to proceed with disposal of the remains. Pursuant to La.R.S. 10:661, which was in effect at the time our Office issued La. Atty. Gen. Op. 95-422, a funeral home legally in possession of decedent's remains had to allow one year and a day to lapse before it could dispose of the remains. This time period allowed the relatives of the decedent time to decide on the proper disposition of the remains. However, it would be inappropriate to rely upon La. Atty. Gen. Op. 95-422 now, due to a later amendment *Page 3 
of the law on which that opinion was based. La.R.S. 10:661[2] has been amended as La.R.S. 8:661 and now applies only to cemetery authorities, which excludes funeral homes.[3] In addition, La.R.S. 8:661 was also amended to shorten the retention period for human remains. Under the current law, such remains must only be retained for 60 days instead of one year and one day before a cemetery authority may dispose of them. (West 2011).
Regardless of this statutory change in the law, there are certain procedures that a funeral home must comply with when it comes into lawful possession of human remains. If human remains are going to be held by a funeral establishment, such as a funeral home, in excess of 30 hours beyond the decedent's time of death, then the remains "shall be embalmed or the body may be refrigerated continuously at a temperature not to exceed forty-five degrees Fahrenheit." La.R.S. 37:848(D)(2) (West 2011). But, "[i]f the body is not embalmed or refrigerated, it shall be buried, cremated, or otherwise disposed of within thirty hours after death or as soon as possible after its release by the proper authorities." La.R.S. 37:848(D)(3) (West 2011). Ultimately, the law requires that every body of a dead person must be "disposed of and prepared by a funeral establishment under the supervision of a licensed funeral home or embalmer." La.R.S. 37:848(D)(5) (West 2011).
Based on the foregoing provisions, a funeral director who is left in the lawful possession of a decedent's remains is required under law to make certain decisions within 30 hours after the decedent's time of death. If the family members or relatives have not left specific instructions regarding funeral preparations for the decedent, then the funeral director must act as required under La.R.S. 37:848(D)(2)-(3) (West 2011).
La.R.S. 10:661, which is no longer in effect, provided funeral directors with more guidance and protection under the law when left in lawful possession of a decedent's remains. Due to the void in the law on this particular issue, our Office will rely upon a reasonable application of the law to the facts presented.
First of all, when a funeral director is authorized by a family member or friend to retrieve the decedent's body, our Office would suggest that, at a minimum, an implied contract exists between the family or friend of the decedent and the funeral director. "In addition, when dealing with implied contracts, there is a general presumption in American jurisprudence that when a person renders services to another under circumstances which suggest an expectation of payment, a contract will be implied and the person *Page 4 
rendering the services is entitled to recover the value of those services."[4] Therefore, it is our opinion that the funeral home may seek payment from the relative or friend that authorized the retrieval of the remains. As an alternative, the funeral director may attempt to recover costs from such relative or friend for services rendered under the theory of unjust enrichment.
Due to the legislative change in the language of La.R.S. 8:661, specifically limiting its applicability to cemetery authorities, it is also our Office's position that a funeral director who is left in possession of a decedent's remains has a duty to exercise due diligence in attempting to contact the family members or friends who authorized the retrieval of the decedent's remains; what qualifies as due diligence will vary based upon the individual factual circumstances of each case. Due diligence is defined as "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation."[5] Failure to exercise due diligence may result in liability.[6] Our Office further concludes that after a reasonable period of time has lapsed and due diligence has been exercised to contact the decedent's family and friends without success, then the funeral director, who has lawful possession of the decedent's body, may properly dispose of the remains by burial or cremation in accordance with those laws and regulations governing funeral directors and establishments (e.g., Title 37, Chapter 10). As with due diligence, what amounts to reasonable time will also vary depending upon the facts of each individual scenario. Because we are not finders of fact, we cannot determine what is reasonable under a given set of circumstances.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KG:jv
[1] "`Human Remains' means the body of a deceased person, or part of a body or limb in any stage of decomposition that has been removed from a living or dead person." La.R.S. 37:831 (47) (West 2011).
[2] La.R.S. 10:651 and La.R.S. 10:661, both referenced in La. Atty. Gen. Op. 95-422, are now La.R.S. 8:651 and La.R.S. 8:661, respectively.
[3] La.R.S. 8:1(9) defines a cemetery authority as "any person, firm, corporation, limited liability company, trustee, partnership, association or municipality owning, operating, controlling or managing a cemetery, interring human remains, and the care, preservation and embellishment of a cemetery." (West 2011).
[4] Heather M. Fossen Forrest, Comment, Loosening the Wrapper onthe Sandwich Generation: Private Compensation for FamilyCaregivers, 63 L. Law Rev. 381, 393 (2003).
[5] Black's Law Dictionary 488 (8 ed. 2004).
[6] Id.